**ORIGINAL**

1 | Robert E. Gooding, Jr. (SBN 50617)
Scott B. Garner (SBN 156728)
2 | Ryan E. Lindsey (SBN 235073)
HOWREY LLP
3 | 2020 Main Street, Suite 1000
Irvine, California  92614
4 | Telephone:  (949) 721-6900
Facsimile:  (949) 721-6910
5 | Email: goodingr@howrey.com
Email: garners@howrey.com
6 | Email: lindseyr@howrey.com

7 | Kenneth S. Klein (SBN 129172)
Foley & Lardner LLP
8 | 402 West Broadway, Suite 2100
San Diego, California 92101
9 | Telephone: (619) 234-6655
Facsimile: (619) 234-3510
10 | Email: kklein@foley.com

11 | Attorneys for Defendant Foley & Lardner LLP

12 |                UNITED STATES DISTRICT COURT

13 |                SOUTHERN DISTRICT OF CALIFORNIA

14 |

15 | VAXIION THERAPEUTICS, INC.,

16 |          Plaintiff,

17 |      vs.

18 | FOLEY & LARDNER LLP and DOES 1 through
20, inclusive,

19 |

20 |          Defendants.

*FILED*

07 FEB -9  PM 4: 28

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____                   DEPUTY

'07 CV    2 8 0 IEG   (RBB)

Case No. _____

**NOTICE OF REMOVAL OF CIVIL
ACTION TO THE UNITED STATES
DISTRICT COURT
[28 U.S.C. §§ 1441 AND 1338]**

[SDSC Case No. GIC877641]

21

22

23

24

25

26

27

28

HOWREY LLP



NOTICE OF REMOVAL OF CIVIL ACTION TO THE
UNITED STATES DISTRICT COURT

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendant Foley & Lardner ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Diego ("S.D. Superior Court") to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1338(a) and 1441(a)

1.     On December 28, 2006, plaintiff Vaxiion Therapeutics, Inc. filed a complaint in the S.D. Superior Court entitled *VAXIION THERAPEUTICS, INC. v. FOLEY & LARDNER LLP, et al.*, Case No. GIC877641 (the "Complaint"). True and correct copies of all state court pleadings and process served on or by Defendant to date are attached hereto as Exhibits A & B, pursuant to 28 U.S.C. § 1446(a).

2.     Defendant was served with the complaint on January 11, 2007. Consequently, this Notice of Removal is timely filed.

3.     Plaintiff sues Defendant for (1) negligence; (2) dual representation of adverse interests; (3) breach of contract; (4) interference with prospective economic advantage; and (5) constructive fraud. *See* Exhibit A, at pp. 4-6.

4.     Plaintiff retained Defendant to prosecute a provisional patent application which Defendant drafted and filed in the United States Patent and Trademark Office on behalf of Plaintiff on May 24, 2001. *See* Exhibit A, at pg. 2. Defendant filed a second, and expanded, provisional U.S. application on behalf of Plaintiff on February 25, 2002, claiming priority to the earlier May 24, 2001 U.S. provisional application. *See* Exhibit A, at pg. 2. Plaintiff also requested that Defendant file an international patent application under the Paris Cooperation Treaty ("PCT") based on the U.S. provisional applications. *See* Exhibit A, at pg. 2. Plaintiff alleges that Defendant failed to exercise reasonable care and skill by filing Plaintiff's PCT application after the one year deadline imposed by the PCT under which the PCT application could claim priority back to the May 24, 2001 U.S. provisional application filing date. *See* Exhibit A, at pg. 2. Plaintiff further alleges that, as a result of Defendant's failure to exercise reasonable care, an Australian-based company, EnGene, "applied for

HOWREY LLP

-1-     NOTICE OF REMOVAL OF CIVIL ACTION TO THE
        UNITED STATES DISTRICT COURT

1   and has received a positive office action on the PCT patent regarding Plaintiff's technology" resulting

2   in damage to Plaintiff. *See* Exhibit A, at pg. 4.

3       5.      This case may be removed under 28 U.S.C. §§ 1338(a) and 1441(a) for the following

4   reasons:

5           a.      Plaintiff's claims are based on the patentability and priority dates, if any, of the

6                   applications Defendant filed on Plaintiff's behalf, and therefore "the cause of

7                   action or . . .  plaintiff's right to relief necessarily depends on resolution of a

8                   substantial question of federal patent law, [and] in that patent law is a necessary

9                   element of one of the well-pleaded claims." *See Christianson v. Colt Indus.*

10                  *Operating Corp.*, 486 U.S. 800, 808-809 (1988) (citations omitted).

11          b.      Plaintiff's claims involve allegations that Defendant failed to timely file a patent

12                  application, and that such conduct amounts to negligence.   The determination of

13                  such a claim gives rise to a question of federal patent law. *GroteApproach, Ltd.*

14                  *v. Reynolds*, No. 3:04-CV-2735-BF, 2005 U.S. Dist. LEXIS 16362, *1

15                  (N.D. Tex. Aug. 9, 2005).

16          c.      To prove its case Plaintiff must show that, but for Defendant's alleged

17                  negligence, it would have been awarded a valid and enforceable patent, if

18                  anything.  As such, the prosecution of the application that would have resulted

19                  in a valid and enforceable patent, if anything, will be at issue in this case.  The

20                  scope, validity and enforceability of a patent are substantial questions of federal

21                  (and international) patent law. *See Air Measurement Techs., Inc., v. Hamilton,*

22                  *Hamilton & Terrile, LLP.*, No. SA-03-CA-0541-RF, 2003 U.S. Dist. LEXIS

23                  16391, *13 (W.D. Tex. Sept. 5, 2003).

24          d.      Plaintiff alleges that, due to Defendant's failure to exercise reasonable care and

25                  skill, the EnGene patent applications interfere with the patentability, if any, of

26                  Plaintiff's PCT application and its related patent applications and patents, if any.

27                  To resolve this issue, the Court will have to construe and compare the relevant

28                  claims of the EnGene patent application with the properly construed relevant

HOWREY LLP

1    claims of Plaintiff's PCT application and its related patent applications and

2    patents, if any.  The construction of patent claims gives rise to a question of

3    federal (and international) patent law.

4    6.    The existence of a single removable claim allows removal of the entire action.

5    28 U.S.C. 1441(c); *National Audubon Soc'y v. Dept. of Water & Power*, 496 F. Supp. 499, 509

6    (E.D. Cal. 1980).

7    7.    Notice of this removal will be filed with the state court and provided to all adverse

8    parties pursuant to 28 U.S.C. § 1446(d).

9    This removal is based on this Notice of Removal to the United States District Court, the

10   complete file in the state court case, and any other matters which the Court deems applicable.

11

12   Dated:  February 9, 2007                           Respectfully submitted,

13                                                      HOWREY LLP

14

15                                                      By: _____

16                                                              Scott B. Garner

17                                                      Attorneys for Defendant
                                                        Foley & Lardner LLP

18

19   20214593v1

20

21

22

23

24

25

26

27

28

HOWREY LLP

**EXHIBIT A**

*6 e 32     D*

| | |
|---|---|
| 1 | VINCENT J. BARTOLOTTA, JR., ESQ.  SB#055139 |
| 2 | KAREN R. FROSTROM, ESQ.  SB#207044<br>BRETT J. SCHREIBER, ESQ. SB#239707 |
| 3 | THORSNES BARTOLOTTA McGUIRE<br>2550 Fifth Avenue, Eleventh Floor |
| 4 | San Diego, CA 92103<br>Phone: (619) 236-9363    Fax: (619) 236-9653 |
| 5 | Attorneys for Plaintiff |
| 6 | VAXIION THERAPEUTICS, INC. |

SAN DIEGO SUPERIOR COURT
Date 12-29-06  Oper Id JRh
Case No.   GIC877641
Receipt No. 024611-82519
Trans Type  AF
Allocations              Amount
   GC                    320.00
Total Allocated          320.00
Tender CK  Amt           320.00
Tender     Amt
Total Amt Paid           320.00
Change Due                 0.00

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

| | | |
|---|---|---|
| VAXIION THERAPEUTICS, INC., | ) | CASE NO. GIC **877641** |
| Plaintiff, | ) | COMPLAINT *FOR BREACH* |
| | ) | *OF CONTRACT* |
| v. | ) | |
| FOLEY & LARDNER LLP and DOES 1 | ) | |
| through 20, inclusive, | ) | |
| Defendants. | ) | |

Plaintiff alleges the following on information and belief unless otherwise indicated:

1.    Plaintiff Vaxiion Therapeutics, Inc. ("Vaxiion") is a pharmaceutical development company incorporated in the state of California.

2.    Defendant Foley & Lardner LLP ("Foley") is a law firm operating internationally.

3.    Upon information and belief, DOES 1 through 10 are fictitious individuals meant to represent the officers, directors, franchisees, shareholders, founders, owners, agents, servants, employees, sales representatives and/or independent contractors of Defendants who have been involved in the conduct that gives rise to this Complaint, but are heretofore unknown to the Plaintiff. As these Defendants are identified, Plaintiff shall amend the Complaint to include them.

4.    Upon information and belief, XYZ Corporations 11 through 20 are fictitious

////

////

////

- 1 -

Complaint

431609.1

THORSNES BARTOLOTTA McGUIRE<br>2550 FIFTH AVENUE  ELEVENTH FLOOR<br>SAN DIEGO, CALIFORNIA 92103<br>(619) 236-9363  FAX (619) 236-9653

1   corporations meant to represent any additional corporations that have been involved in the conduct

2   that gives rise to this Complaint, but are heretofore unknown to the Plaintiff. As these Defendants are

3   identified, Plaintiff shall amend the Complaint to include them.

### FACTUAL SUMMARY

5       5.      Vaxiion's work is based on the use of bacterial minicells as a multi-purpose platform

6   technology that could prove useful in targeted gene delivery, vaccine delivery, targeted drug delivery,

7   drug screening, molecular diagnostics, clinical diagnostics, and many other potential applications.

8       6.      One of the founders of Vaxiion is a professor and scientist at San Diego State

9   University, Dr. Roger Sabbadini. Vaxiion was originally incorporated as Mpex Biosciences, Inc. (for

10  simplicity purposes, the company will be referred to as Vaxiion herein no matter what date is at issue).

11  Three years of research work in Dr. Sabbadini's laboratory led to the preparation of a 460-claim

12  provisional patent application entitled "Minicell Compositions and Methods." This was a rather

13  voluminous patent and eventually Vaxiion would break this provisional application into 23 divisional

14  applications as suggested by legal counsel.

15      7.      Vaxiion retained the law firm of Foley & Lardner to prosecute its original provisional

16  patent application. Through Foley, the first provisional patent application was filed in the United

17  States on May 24, 2001 (the "Original Filing Date"). A revised (and expanded) provisional

18  application was prepared and submitted in the U.S. on February 25, 2002. All of the aforementioned

19  patent applications maintain a U.S. priority date of May 24, 2001. Two of those divisional

20  applications were published on November 13, 2003. The publication of these applications results in

21  the presence of "public domain" art that prevents further applications, either in the U.S. or

22  internationally, in these areas of invention.

23      8.      Under the Paris Cooperation Treaty, an applicant may obtain international protection

24  starting from the original filing date of the U.S. provisional patent application (i.e., May 24, 2001 in

25  this case) by filing for an international patent, called a PCT, within one year of filing with the U.S.

26  patent office (i.e., by May 24, 2002 in this case). In other words, if the PCT application is filed within

27  one year of the original filing date, then the PCT application is "backdated" to the Original Filing Date

28  of May 24, 2001. If the PCT application is not filed within one year, however, the priority protection

THORSNES BARTOLOTTA McGUIRE
2550 FIFTH AVENUE ELEVENTH FLOOR
SAN DIEGO, CALIFORNIA 92103
(619) 236-9363  FAX (619) 236-9653

- 2 -

1   is lost and the PCT application is not backdated to the Original Filing Date (i.e., May 24, 2001).

2       9.      Prior to the due date for Vaxiion's PCT, Vaxiion's then CEO, William Gerhart called

3   Foley attorney Richard Warburg and reminded him that the application was due and needed to be

4   filed. Warburg assured Gerhart that all was under control. Gerhart was also assured that Warburg was

5   personally monitoring the work and would make sure the PCT application would be filed in the

6   appropriate International office(s) on time.

7       10.     Notwithstanding Warburg's assurances, Foley did not file Vaxiion's PCT within the

8   one year limit, but instead missed the deadline by four days, filing the PCT application on May 28,

9   2002. As such, the priority date for the PCT application was NOT the Original Filing Date of May

10  24, 2001, but instead was the Second Filing Date of February 25, 2002. Unfortunately for Vaxiion,

11  these four days were the difference between getting and losing outside the U.S. because on October

12  15, 2001, a competitor company called EnGene filed a U.S. patent application covering the same

13  intellectual property as one of the Vaxiion divisional patent applications involving gene therapy and

14  minicells. EnGene then timely filed its PCT and was able to claim, in the international arena, with

15  priority dating back to October 15, 2001, besting Vaxiion's February 25, 2002 priority date. Had

16  Foley filed the PCT application on time, Vaxiion's international priority date would have been May

17  24, 2001, almost five months earlier than EnGene's priority date.

18      11.     Vaxiion's US patent application concerning gene therapy and minicells was allowed

19  – in other words confirmed as being novel and commercially viable - on February 27, 2006 with the

20  title "Eubacterial Minicells and their use as vectors for nucleic acid delivery and expression." On May

21  9, 2006, the preeminent journal "Vaccine" published a peer reviewed journal article about this

22  technology further validating its novelty and scientific merit. Vaxiion's now novel and commercially

23  viable intellectual property protections have been limited to the United States as a direct consequence

24  of Foley's failure to file the PCT in a timely fashion.

25      12.     In 2003, EnGene approached Vaxiion about potential cross-licensing agreements.

26  Vaxiion conducted its due diligence into EnGene's intellectual property and discovered that it was

27  the Foley law firm that filed EnGene's October 2002 PCT, the filing of which eliminated Vaxiion's

28  chances of obtaining international protection. In other words, not only did Vaxiion's own attorneys

THORSNES BARTOLOTTA McGUIRE
2550 FIFTH AVENUE ELEVENTH FLOOR
SAN DIEGO, CALIFORNIA 92103
(619) 236-9363  FAX (619) 236-9653

- 3 -

Complaint                                                                                    431609.1

1    miss a key deadline that gave others a nine-month window to gain priority over Vaxiion, but it was

2    these same attorneys that represented the company that took advantage of this opportunity and now

3    has the intellectual property that Vaxiion lost in the process.

4        13.    Beginning in October 2002, Vaxiion and Foley executed tolling agreements related to

5    liability under these facts.  The most recent agreement expires on December 31, 2006.

**FIRST CAUSE OF ACTION**
Negligence
(Against All Defendants)

8        14.    Plaintiff repeats and alleges each and every allegation made above, fully incorporating

9    those allegations herein.

10       15.    Plaintiff had a meritorious PCT patent application to submit for approval following the

11   submission of its United States patent application.

12       16.    Defendant failed to exercise reasonable care and skill in representing Plaintiff and in

13   submitting and/or prosecuting Plaintiff's PCT patent application.  Plaintiff is informed and believes

14   that it would have been awarded the PCT patent had the application been timely submitted.  One

15   reason for that belief is that the U.S. patent on the same technology was issued in February 2006.

16       17.    As a proximate result of such negligence, another company, EnGene, applied for and

17   has received a positive office action on the PCT patent regarding Plaintiff's technology.

18       18.    Plaintiff has suffered injury and damages as a direct result of the failures alleged above.

**SECOND CAUSE OF ACTION**
Dual Representation of Adverse Interests
(Against All Defendants)

21       19.    Plaintiff repeats and alleges each and every allegation made above, fully incorporating

22   those allegations herein.

23       20.    At the same time Defendant was representing Plaintiff in the aforementioned action,

24   Defendant was also retained by an Australian-based company named EnGene.  The legal interests of

25   Plaintiff and those of EnGene were actually adverse at the time of the dual representation in that both

26   companies were applicants or potential applicants for the same US and international patent rights.

27   This conflict was not disclosed to the Plaintiff at the time it existed.  Plaintiff did not waive – and

28   would not have waived – any such conflict.

THORSNES BARTOLOTTA McGUIRE
2550 FIFTH AVENUE ELEVENTH FLOOR
SAN DIEGO, CALIFORNIA 92103
(619) 236-9363 · FAX (619) 236-9653

- 4 -

1   21.   As a proximate result of Defendant's dual representation and breach of duty of care and

2   of fiduciary duties to Plaintiff, Plaintiff suffered injury and damage in lost profits and earning capacity

3   Foley's failure to timely file Plaintiff's International patent.

4                              **THIRD CAUSE OF ACTION**
                                    Breach of Contract
5                                 (Against All Defendants)

6   22.   Plaintiff repeats and alleges each and every allegation made above, fully incorporating

7   those allegations herein.

8   23.   A legal services contract was executed between the Plaintiff and the Defendant related

9   to the provision of intellectual property legal services to the Plaintiff.

10   24.   Plaintiff has at all times performed the terms of the legal services contract.

11   25.   Defendants, and each of them, have failed to perform its obligations under the contract

12   in that they failed to timely file the international patent application.

13   26.   Defendants, and each of them, have failed to perform its obligations under the contract

14   by representing interests adverse to Plaintiff while at the same time representing Plaintiff pursuant to

15   the contract of legal representation.

16   27.   Defendants' failure to perform its obligations under the contract has directly damaged

17   Plaintiff through the loss of international profits from the technology.

18                              **FOURTH CAUSE OF ACTION**
                        Interference with Prospective Economic Advantage
19                                (Against All Defendants)

20   28.   Plaintiff repeats and alleges each and every allegation made above, fully incorporating

21   those allegations herein.

22   29.   Defendants knew that the Plaintiff possessed a significant economic advantage in

23   obtaining an international patent for this technology.

24   30.   Notwithstanding that knowledge, Defendants either negligently or intentionally

25   deprived Plaintiff of that advantage by successfully prosecuting an international patent application on

26   behalf of EnGene.

27   31.   As a direct result of Defendants' interference, Plaintiff has been damaged and injured

28   through loss of profits from international markets related to this technology.

THORSNES BARTOLOTTA McGUIRE
2550 FIFTH AVENUE ELEVENTH FLOOR
SAN DIEGO, CALIFORNIA 92103
(619) 236-9363  FAX (619) 236-9653

- 5 -

1      32.    Defendants' acts alleged above were willful, wanton, malicious, and oppressive, and

2  were undertaken with the intent to defraud, and thereby justify the awarding of exemplary and punitive

3  damages.

4  **FIFTH CAUSE OF ACTION**
Constructive Fraud

5  (Against All Defendants)

6      33.    Plaintiff repeats and alleges each and every allegation made above, fully incorporating

7  those allegations herein.

8      34.    A fiduciary duty was owed to Plaintiff by the Defendants.

9      35.    The Defendants have concealed material facts from Plaintiff, including but not limited

10  to the fact of Defendants' representation of EnGene and Defendants' submission of EnGene's

11  international patent application. Such concealment violates the Defendants' fiduciary duty to Plaintiff.

12      36.    Plaintiff suffered damage and injury as a result of Defendants' conduct in violation of

13  their fiduciary obligations.

14      37.    Defendants' acts alleged above were willful, wanton, malicious, and oppressive, and

15  were undertaken with the intent to defraud, and thereby justify the awarding of exemplary and punitive

16  damages.

17  **PRAYER FOR RELIEF**

18  Wherefore Plaintiff prays for relief accordingly:

19      1.    General damages according to proof;

20      2.    Special damages according to proof;

21      3.    Punitive damages;

22  ////

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

THORSNES BARTOLOTTA McGUIRE
2550 FIFTH AVENUE ELEVENTH FLOOR
SAN DIEGO, CALIFORNIA 92103
(619) 236-9363  FAX (619) 236-9653

- 6 -

4.      Reasonable attorneys' fees;

5.      Costs of suit herein incurred; and

6.      Such and other relief as the court may deem proper.

Dated: _/ 2 - 2 8_____, 2006          THORSNES, BARTOLOTTA  McGUIRE


By:_____
    VINCENT J. BARTOLOTTA, JR., ESQ.
    KAREN R. FROSTROM, ESQ.
    BRETT J. SCHREIBER, ESQ.
    Attorneys for Plaintiff, VAXIION THERAPEUTICS, INC.

THORSNES BARTOLOTTA McGUIRE
2550 FIFTH AVENUE ELEVENTH FLOOR
SAN DIEGO, CALIFORNIA  92103
(619) 236-9363 FAX (619) 236-9653

- 7 -

Complaint                                                              431609.1

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Foley & Lardner LLP AND DOES 1 THROUGH 20,
INCLUSIVE

20 Inclusve

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Vaxiion Therapeutics, Inc.

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for  your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of San Diego
330 West Broadway

San Diego 92101

| CASE NUMBER: |
| --- |
| *(Número del Caso):*  **877641** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Vincent J. Bartolotta, Jr., Bar No. 55139          619-236-9363    619-236-9653
Thornes Bartolotta McGuire
2550 5th Ave, Suite 1100
San Diego, CA 92103

DATE:  DEC 2 8 2006                         Clerk, by _____, Deputy
*(Fecha)*                                   *(Secretario)*                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | | |
| --- | --- | --- |
| Judicial Council of California | | |
| SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

Legal Solutions Plus

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Vincent J. Bartolotta, Jr., Bar No. 55139<br>Thornes Bartolotta McGuire<br>2550 5th Ave, Suite 1100<br><br>San Diego, CA 92103<br>TELEPHONE NO.: 236-9363          FAX NO.: 236-9653<br>ATTORNEY FOR (Name): Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
- [X] HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- [ ] NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
- [ ] EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- [ ] RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- [ ] SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

CASE NAME: Vaxiion vs. Foley & Lardner LLP

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 877641 |
|---|---|---|
| [x] Unlimited  [ ] Limited<br>(Amount demanded   (Amount demanded<br>exceeds $25,000)   is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | JUDGE:<br><br>DEPT.: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [x] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)

- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812 )**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

2. This case [ ] is  [X] is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial post-judgment judicial supervision
3. Type of remedies sought (*check all that apply*):
   a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (*specify*):
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: December 28, 2006

Vincent J. Bartolotta, Jr.
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]
SDSC CIV-51 (Rev. 1-06)

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
SD-CV51

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

INDEPENDENT CALENDAR CLERK
330 W. Broadway
San Diego, CA 92101

**TO:**

**FILE COPY**

VINCENT J. BARTOLOTTA JR. (P)

| | |
|---|---|
| VAXIION THERAPEUTICS INC | **Case No.:** GIC877641 |
| Plaintiff(s) | **NOTICE OF CASE ASSIGNMENT** |
| vs. | |
| | **Judge:** JAY M. BLOOM |
| FOLEY & LARDNER LLP | **Department:** 70 |
| Defendant(s) | **Phone:** 619-685-6128 |

**COMPLAINT FILED** 12/28/06

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil consists of all cases except:  Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing.  This is a mandatory document and may not be substituted by the filing of any other document. (Rule 2.5)

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.) (Rule 2.6)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (Rule 2.7)

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE.  MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS.  SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE.  THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO TO ARBITRATION PURSUANT TO CCP 1141.10.  THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING.

ALSO SEE THE ATTACHED NOTICE TO LITIGANTS.

### CERTIFICATE OF SERVICE

I certify that I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by personally handing it to the attorney or their personal representative at       SAN DIEGO California.

DATED: 12/28/06                                 BY: CLERK OF THE SUPERIOR COURT

1  Robert E. Gooding, Jr. (SBN 50617)
   Scott B. Garner (SBN 156728)
2  Ryan E. Lindsey (SBN 235073)
   HOWREY LLP
3  2020 Main Street, Suite 1000
   Irvine, California 92614
4  Telephone: (949) 721-6900
   Facsimile: (949) 721-6910
5  Email: goodingr@howrey.com
   Email: garners@howrey.com
6  Email: lindseyr@howrey.com

7  Kenneth S. Klein (SBN 129172)
   Foley & Lardner LLP
8  402 West Broadway, Suite 2100
   San Diego, California 92101
9  Telephone: (619) 234-6655
   Facsimile: (619) 234-3510
10 Email: kklein@foley.com

11 Attorneys for Defendant Foley & Lardner LLP

12

13                    SUPERIOR COURT OF CALIFORNIA

14                        COUNTY OF SAN DIEGO

15

16 VAXIION THERAPEUTICS, INC.,              ) Case No. GIC877641
                                            )
17              Plaintiff,                   ) Assigned to Judge Jay M. Bloom
                                            ) Dept. 70
18         vs.                              )
                                            ) **GENERAL DENIAL OF DEFENDANT**
19 FOLEY & LARDNER LLP and DOES 1 through   ) **FOLEY & LARDNER LLP**
   20, inclusive,                           )
20                                          ) Complaint Filed: December 28, 2006
                Defendants.                 )
21 _____ )

22

23

24

25

26

27

28

HOWREY LLP
                                        1
                 GENERAL DENIAL OF DEFENDANT FOLEY & LARDNER LLP

1    Defendant Foley & Lardner LLP ("Foley & Lardner") answers Plaintiff Vaxiion Therapeutics,

2 Inc.'s ("Plaintiff") unverified Complaint on its own behalf and on behalf of no other Defendant as

3 follows:

4                                    **GENERAL DENIAL**

5    Pursuant to California Civil Procedure Code section 431.30(d), Foley & Lardner denies

6 generally each and every allegation of the Complaint.

7                                  **AFFIRMATIVE DEFENSES**

8    As separate and affirmative defenses to the Complaint, and each cause of action stated therein,

9 Foley & Lardner alleges as follows:

10                             **FIRST AFFIRMATIVE DEFENSE**

11                                  (Failure to State a Claim)

12    Neither the Complaint nor any purported cause of action alleged by Plaintiff therein states facts

13 sufficient to constitute a cause of action against Foley & Lardner.

14                            **SECOND AFFIRMATIVE DEFENSE**

15                         (Application Not Impacted by EnGene Application)

16    The examination, claim scope, validity, enforceability, and value (if any) of Vaxiion's PCT

17 application and its associated non-U.S. patents or patent applications have not, would not, and cannot

18 be negatively impacted by the filing of EnGene's PCT application.

19                             **THIRD AFFIRMATIVE DEFENSE**

20                          (Products Not Impacted by EnGene Application)

21    The research and development, manufacturing, sale, offering for sale, distribution, marketing,

22 importation, and exportation of Vaxiion's products, if any, have not, would not, and cannot be

23 negatively impacted by the filing of EnGene's PCT application.

24                            **FOURTH AFFIRMATIVE DEFENSE**

25                        (No Conflict with EnGene Technology or Application)

26    Vaxiion's technologies and patent applications at issue do not present any legal or actual

27 conflict with EnGene's technologies and patent applications at issue.

28

HOWREY LLP

**FIFTH AFFIRMATIVE DEFENSE**

(Statue of Limitations)

Plaintiff' action, and each alleged cause of action, is barred by (a) the applicable California statute of limitations including, but not limited to, California Civil Procedure Code sections 337, 338, 340.6, and 343, and (b) any applicable statute of limitation and/or statute of repose.

**SIXTH AFFIRMATIVE DEFENSE**

(Laches)

Plaintiff unreasonably and without good cause delayed in bringing this action. Foley & Lardner was prejudiced as a direct and proximate result of Plaintiff' unreasonable delay. Thus, this action is barred by laches.

**SEVENTH AFFIRMATIVE DEFENSE**

(Comparative Negligence)

Plaintiff was negligent in and about the matters alleged in the first and fourth causes of action of the Complaint; this negligence proximately caused, in whole or in part, the damages alleged in the Complaint. In the event Plaintiff is entitled to any damages, the amount of these damages should be reduced by the comparative fault of Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

(Waiver)

Plaintiff, by reason of its conduct, waived its right to assert any of the purported claims in the Complaint, and said waiver bars the relief requested.

**NINTH AFFIRMATIVE DEFENSE**

(Estoppel)

Plaintiff is estopped by reason of its conduct from asserting any of the causes of action alleged in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

Each and every claim in the complaint is barred under the doctrine of unclean hands because Plaintiff's own improper actions caused the allege damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Assumption of Risk)

Plaintiff assumed the risks associated with the conduct alleged in its first and fourth causes of action.

**TWELVTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

Plaintiff failed to exercise due diligence to mitigate its loss, injury, or damages, if any. Accordingly, the amount of damages to which Plaintiff is entitled, if any, should be reduced by the amount of damages which otherwise would have been mitigated.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(No Entitlement to Punitive Damages)

Neither the Complaint nor any purported cause of action alleged therein against Foley & Lardner states sufficient facts to entitle Plaintiff to an award of punitive damages against Foley & Lardner.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Punitive Damages – Due Process)

The imposition of punitive damages in this matter would deprive Foley & Lardner of its property without due process of law under the United States Constitution and the California Constitution.

1
2

## FIFTEENTH AFFIRMATIVE DEFENSE

(Punitive Damages – Burden of Proof)

3    The imposition of any punitive damages in this matter would constitute a criminal fine or

4 penalty and, therefore, if awarded on less than a showing of beyond a reasonable doubt, would be in

5 violation of the United States Constitution and the California Constitution.

6

7    WHEREFORE, Foley & Lardner prays:

8    (1)    That Plaintiff take nothing by its Complaint;

9    (2)    That Judgment be entered in favor of Foley & Lardner;

10   (3)    That Foley & Lardner be dismissed from this suit;

11   (4)    For recovery of Foley & Lardner's cost of suit; and

12   (5)    For such other and further relief as the Court deems just and proper.

13

14 Dated: February 9, 2007                    HOWREY LLP

15

16                                           By: _____

17                                                    Scott B. Garner
                                                 Attorneys for Defendant
18                                               Foley & Lardner LLP

19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         )  ss.:
COUNTY OF ORANGE         )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2020 Main Street, Suite 1000, Irvine, California 92614.

On February 9, 2007, I served on the interested parties in said action the within:

**GENERAL DENIAL OF DEFENDANT FOLEY & LARDNER LLP**

by placing a true copy thereof in a sealed envelope(s) addressed as stated below.

Vincent J. Bartolotta, Jr.
Karen R. Frostrom
Brett J. Schreiber
THORSNES BARTOLOTTA MCGUIRE
2550 Fifth Ave., 11th Floor
San Diego, CA 92103

Facsimile No.: (619) 236-9653

[X]   (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[ ]   (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Overnite Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 9, 2007, at Irvine, California.

| Shawn Beem | |
| --- | --- |
| (Type or print name) | (Signature) |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Scott B. Garner (SBN 156728)<br>HOWREY LLP<br>2020 Main Street, Suite 1000<br>Irvine, CA 92614<br>TELEPHONE NO.: (949) 721-6900    FAX NO.: (949) 721-6910<br>ATTORNEY FOR *(Name):* Defendant Foley & Lardner | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**
STREET ADDRESS: 220 W. Broadway
MAILING ADDRESS: P.O. Box 122725
CITY AND ZIP CODE: San Diego, CA 92101-3509
BRANCH NAME: Central Division

CASE NAME: Vaxiion Therapeutics, Inc. v. Foley & Lardner LLP, et al.

| **CIVIL CASE COVER SHEET**—Counter   Complex Case Designation | | CASE NUMBER:<br>GIC 877641 |
|---|---|---|
| ☒ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☒ **Counter**  ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Jay M. Bloom<br>DEPT: 70 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☒ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☒ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☒ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. ☒ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☒ punitive

4. Number of causes of action *(specify):* 5

5. This case ☐ is ☒ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 9, 2007

SCOTT B. GARNER
(TYPE OR PRINT NAME)                    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.    Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 3.220, 3.400–3.403;<br>Standards of Judicial Administration, § 19<br>www.courtinfo.ca.gov |

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

## To Plaintiffs and Others Filing First Papers

If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

## To Parties in Collections Cases

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief from Late Claim
　Other Civil Petition

# **PROOF OF SERVICE**

STATE OF CALIFORNIA ) 
)   ss.:
COUNTY OF ORANGE )

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 2020 Main Street, Suite 1000, Irvine, California 92614.

On February 9, 2007, I served on the interested parties in said action the within:

**CIVIL COVER SHEET - COUNTER**

by placing a true copy thereof in a sealed envelope(s) addressed as stated below.

Vincent J. Bartolotta, Jr.
Karen R. Frostrom
Brett J. Schreiber
THORSNES BARTOLOTTA MCGUIRE
2550 Fifth Ave., 11th Floor
San Diego, CA 92103

Facsimile No.: (619) 236-9653

[X]  (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[ ]  (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Overnite Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 9, 2007, at Irvine, California.

_____          _____
        Shawn Beem                              (Signature)
    (Type or print name)

HOWREY LLP

DM_US:20214371_1

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                              )  ss.:
COUNTY OF ORANGE      )

      I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2020 Main Street, Suite 1000, Irvine, California 92614.

      On February 9, 2007, I served on the interested parties in said action the within:

**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT [28 U.S.C. §§ 1441 AND 1338]**

      by placing a true copy thereof in a sealed envelope(s) addressed as stated below and causing such envelope(s) to be deposited in the U.S. Mail at Irvine, California.

Vincent J. Bartolotta, Jr.
Karen R. Frostrom
Brett J. Schreiber
THORSNES BARTOLOTTA MCGUIRE
2550 Fifth Ave., 11th Floor
San Diego, CA 92103

Facsimile No.: (619) 236-9653

[X]  (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[ ]  (OVERNIGHT DELIVERY) by depositing in a box or other facility regularly maintained by Overnite Express, an express service carrier, or delivering to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for and causing such envelope(s) to be delivered by said express service carrier.

      I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

      Executed on February 9, 2007, at Irvine, California.

_____
Shawn Beem
(Type or print name)

_____
(Signature)

HOWREY LLP

-4-   NOTICE OF REMOVAL OF CIVIL ACTION TO THE
UNITED STATES DISTRICT COURT

ORIGINAL

1  Robert E. Gooding, Jr. (SBN 50617)
   Scott B. Garner (SBN 156728)
2  Ryan E. Lindsey (SBN 235073)
   HOWREY LLP
3  2020 Main Street, Suite 1000
   Irvine, California 92614
4  Telephone: (949) 721-6900
   Facsimile: (949) 721-6910
5  Email: goodingr@howrey.com
   Email: garners@howrey.com
6  Email: lindseyr@howrey.com

7  Kenneth S. Klein (SBN 129172)
   Foley & Lardner LLP
8  402 West Broadway, Suite 2100
   San Diego, California 92101
9  Telephone: (619) 234-6655
   Facsimile: (619) 234-3510
10 Email: kklein@foley.com

11 Attorneys for Defendant Foley & Lardner LLP

12                 UNITED STATES DISTRICT COURT

13              SOUTHERN DISTRICT OF CALIFORNIA

14

15 VAXIION THERAPEUTICS, INC.,            ) Case No.  '07 CV  280 IEG  (RBB)
                                          )
16            Plaintiff,                   ) CERTIFICATE OF SERVICE OF NOTICE
                                          ) TO ADVERSE PARTY OF REMOVAL OF
17       vs.                               ) CIVIL ACTION TO THE UNITED STATES
                                          ) DISTRICT COURT
18 FOLEY & LARDNER LLP and DOES 1 through ) [28 U.S.C. § § 1441 AND 1338]
   20, inclusive,                         )
19                                         ) [SDSC Case No. GIC877641]
              Defendants.                  )
20 _____)

21

22

23

24

25

26

27

28

HOWREY LLP

1    I, Shawn Beem, certify and declare as follows:

2    I am over the age of 18 years and not a party to this action.  My business address is Howrey

3    LLP, 2020 Main Street, Suite 1000, Irvine, California 92614-8200, which is located in the city, county

4    and state where the mailing described below took place.

5    On February 9, 2007, I deposited in the United States Mail at Irvine, California, a copy of the

6    Notice to Adverse Party of Removal of Civil Action to the United States District Court dated

7    February 9, 2007, a copy of which (without Exhibits) is attached to this Certificate.

8    I declare under penalty of perjury that the foregoing is true and correct.

9

10   Dated:  February 9, 2007

11

12   By:   _____

13

14   20214599v1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOWREY LLP

CERTIFICATE OF SERVICE OF NOTICE TO
ADVERSE PARTY OF REMOVAL OF CIVIL
ACTION TO THE USDC

# PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )  ss.:
COUNTY OF ORANGE             )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2020 Main Street, Suite 1000, Irvine, California 92614.

On February 9, 2007, I served on the interested parties in said action the within:

**CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT [28 U.S.C. § § 1441 and 1338]**

by placing a true copy thereof in a sealed envelope(s) addressed as stated below and causing such envelope(s) to be deposited in the U.S. Mail at Irvine, California.

Vincent J. Bartolotta, Jr.
Karen R. Frostrom
Brett J. Schreiber
THORSNES BARTOLOTTA MCGUIRE
2550 Fifth Ave., 11th Floor
San Diego, CA 92103

Facsimile No.: (619) 236-9653

[X] (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[ ] (OVERNIGHT DELIVERY) by depositing in a box or other facility regularly maintained by Overnite Express, an express service carrier, or delivering to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for and causing such envelope(s) to be delivered by said express service carrier.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on February 9, 2007, at Irvine, California.

| Shawn Beem | |
| --- | --- |
| (Type or print name) | (Signature) |

HOWREY LLP

CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO THE USDC

# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
VAXIION THERAPEUTICS, INC.

**DEFENDANTS**
FOLEY & LARDNER LLP

FILED
07 CV 2 80 IEG (RBB)
07 FEB -9 PM 4:27

**(b)** County of Residence of First Listed Plaintiff _San Diego_
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _San Diego_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Vincent J. Bartolotta, Jr.
Karen R. Frostrom
THORSNES BARTOLOTTA MCGUIRE
2550 Fifth Ave., 11th Floor
San Diego, CA 92103      Tel: (619) 236-9363

Attorneys (If Known)
Robert E. Gooding, Jr.
Scott B. Garner
HOWREY LLP
2020 Main St., Suite 1000
Irvine, CA 92614      Tel: (949) 721-6900

DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☒ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1338(a)
Brief description of cause:
Legal malpractice suit alleging negligence based on federal patent law.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____      DOCKET NUMBER _____

DATE
February 9, 2007

SIGNATURE OF ATTORNEY OF RECORD
Scott B. Garner

**FOR OFFICE USE ONLY**

RECEIPT # _134824_    AMOUNT _$350_    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

Ser 2/9/07

American LegalNet, Inc. www.USCourtForms.com

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is [set] . . . . . . . . . . . . . . . . . . . . . . . . . . . . ons be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction . . . . . . . . . . . . . .

United States plaintiff. (1) Jurisdiction based on . . . . . . and . . . . . . by age . . . . . . . . of the . . . . United States are included here.

United States defendant. (2) When the plaintiff . . . . . . the . . . . . . State . . . . . . . agencies, plac . . . . . . n this box.

Federal question. (3) This refers to suits under . . . . 133. . where p . . . . . . . . . . . . . . . . . of the United States, an amendment to the Constitution, an act of Congress or a treaty of the . . . . . . . . . . . . . case, whe . . . . . . . . . . . . . . . . . or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits u . . . . . . . . . . . . . . . . . . . . . . . . . . . When Box 4 is checked, the citizenship of the different parties must be checked. (See Section I . . . . . . . . . . . . . . . . . . . . . . . ses.)

**III.** **Residence (citizenship) of Principal P** . . . . . . . . . . . . . . . . . . of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appr . . . . . . . . . . . . . . . . . . . . . . . . . ause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk . . . . . . . . . . . . . . . . . . . ne cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the se . . . . . . . . . . . . . . . . .

Original Proceedings. (1) Cases which origin . . . . . . . . . . . . . . . . .

Removed from State Court. (2) Proceedings i . . . . . . . . . . . . . . . . . . Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check . . . . . . . . . . . . . . . . . . on. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box . . . . . . . . . . or reope . . . . . . . . . . pening date as the filing date.

Transferred from Another District. (5) For . . . . . . . . . . under Titl . . . . . . . . . . . . . se this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box v . . . . . . . . . . . . . . . . . . . ity of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate J . . . . . . . . . . . . . . . . . . . ge's decision.

**VI.** **Cause of Action.** Report the civil s . . . . . . . . . . . . . . . . . . . ion of the cause. **Do not cite jurisdictional statutes unless diversity.** Example:

**VII.** **Requested in Complaint.** Class A . . . . . . . . . . . . . . . . . . der Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar a . . . . . . . . . . . . . . . . . . demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demand . . .

**VIII.** **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 34824 - A3
February 9, 2007

Code        Case#        Qty        Amount

CV086978 3-07-CV-0280                60.00 CH
Judge     - GONZALEZ,
CV086460                            106.00 CH
CV510000                            190.00 CH

Total->                             356.00

FROM: CIVIL FILING
      VAXIION THERAPEUTICS INC. V.
      FOLEY ET AL
      BCH 58526   SH

American LegalNet, Inc.   www.USCourtForms.com

FILED

2007 FEB 12  PM 12: 39

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

_____DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

## (HON. NAPOLEON A. JONES, JR.)

UNITED STATES OF AMERICA, )

            Plaintiff, )

v. )

JUAN HERNANDEZ CABRERA )

            Defendant. )

Case No **06 cr 0797 J**

**ORDER CONTINUING
SENTENCING HEARING**

Good cause appearing;

**IT IS HEREBY ORDERED** that the sentencing hearing for defendant, Juan Maurillo Hernandez Cabrera, shall be continued from **February 12, 2007 at 8:15 a.m. to March 12, 2007 at 8:15 a.m.**

**SO ORDERED**.

Dated: 2.9.07

HON. NAPOLEON A. JONES, JR.
United States District Court Judge