UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAXIION THERAPEUTICS, INC., ) | Civil No. 07CV00280 IEG(RBB) |
| ) | |
| Plaintiff, ) | ORDER RE EXPERT DESIGNATIONS |
| ) | AND REPORTS [DOC. NO. 77] |
| v. ) | |
| ) | |
| FOLEY & LARDNER, LLP, and DOES ) | |
| 1 through 20, inclusive, ) | |
| ) | |
| Defendants. ) | |

On June 24, 2008, Plaintiff Vaxiion Therapeutics, Inc. ("Vaxiion"), filed an Ex Parte Application for Clarification Re: Expert Designations and Reporting [doc. no. 77]. Defendant Foley & Lardner LLP ("Foley") filed its Opposition to Plaintiff's Ex Parte Application the next day, June 25, 2008 [doc. no. 78]. Neither the Application nor the Opposition contains any citations to supporting caselaw.

In Vaxiion's Application, Plaintiff seeks an order that "non-retained experts need not provide reports." (Ex Parte App. 4.) Alternatively, it requests that the Court identify which of Vaxiion's non-retained experts must provide a report. (Id.)

1  Vaxiion states that pursuant to Rule 26(a)(2) of the Federal
2  Rules of Civil Procedure, it identified the following nine non-
3  retained experts: (1) Roger Sabbadini, Vaxiion Pharmaceuticals,
4  (2) Matt Giacalone, Vaxiion Pharmaceuticals, (3) Scott Pancoast,
5  Lpath Pharmaceuticals, (4) Neil Berkley, Mpex Pharmaceuticals, (5)
6  Mark Surber, Aires Pharmaceuticals, (6) Stanley Malogy, Lpath
7  Pharmaceuticals, (7) Kathleen McGuire, Vaxiion Pharmaceuticals, (8)
8  William Gerhart, Versus Pharmaceuticals, and (9) Michael Rondelli,
9  San Diego State Foundation. (Id. at 1-2.) Plaintiff did not
10 provide expert reports for any of the nine non-retained experts.
11 (Id. at 2.) It only submitted reports for "retained experts" in
12 reliance on the provisions of Rule 26(a)(2)(B) of the Federal Rules
13 of Civil Procedure. (Ex Parte App. 3.) Vaxiion reads the rule too
14 narrowly.
15    Federal Rule of Civil Procedure 26(a)(2) requires the
16 disclosure of expert witnesses prior to trial. The rule states:

17    (A) *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other
18    parties the identity of any witness it may use at trial to present evidence under Federal Rule of
19    Evidence 702, 703, or 705.

20    (B) *Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be
21    accompanied by a written report – prepared and signed by the witness – if the witness is one
22    retained or specially employed to provide expert testimony in the case or one whose duties as the
23    party's employee regularly involve giving expert testimony.
24

25 Fed. R. Civ. P. 26(a)(2)(A)-(B). The Federal Rules of Evidence
26 referred to in Rule 26(a)(2)(A) relate to testimony by experts in
27 general (Rule 702), the basis of expert opinions (Rule 703), and
28 the disclosure of facts or data underlying expert opinions (Rule

705). The written expert report must include the following: (1) a statement of all opinions the witness will express and the basis for the opinions; (2) the data considered by the witness in forming the opinions; (3) any exhibits used to support the opinions; (4) the witness's qualifications, including a list of all publications authored in the preceding ten years; (5) a list of all cases in the last four years in which the witness gave expert testimony; and (6) the amount of compensation received by the witness for their study and testimony. Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

Rule 26(a)(2) identifies two distinct groups of experts -- those who are "retained" to provide expert testimony at trial and those who are not. Sprague v. Liberty Mut. Ins., 177 F.R.D. 78, 81 (D.N.H. 1998). These two groups are differently situated, and accordingly, they are treated differently under the Rule.

One district court has defined a category of "percipient experts" as "persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case," whereas "retained experts" are "persons specifically designated by a party to be a testifying expert for the purposes of litigation." Vines v. United States, 2008 U.S. Dist. LEXIS 23681, at *13-14 (E.D. Cal. Mar. 25, 2008). Witnesses serving in the role of retained experts are often provided with facts or opinions from outside sources, such as a party's attorney, which form part of the basis of their opinion testimony. See Sullivan v. Glock, Inc., 175 F.R.D. 487, 501 (D. Md. 1997).

"[W]here a witness will testify as to information acquired not 'in preparation for trial but rather because he was an actor or

viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit,' that witness need not be disclosed as an expert." Zarecki v. Nat'l R.R. Passenger Corp., 914 F. Supp. 1566, 1573 (N.D. Ill. 1996) (quoting Patel v. Gayes, 984 F.2d 214, 217 (7th Cir. 1993)). "[A] party need not identify a witness as an expert so long as the witness played a personal role in the unfolding of the events at issue and the anticipated questioning seeks only to elicit the witness's knowledge of those events." Gomez v. Rivera Rodriguez, 344 F.3d 103, 113-14 (1st Cir. 2003) (citing Patel, 984 F.2d at 217-18). For example, "treating physicians testifying only to the care and treatment afforded to a party were intended to be excluded from the requirements of Fed. R. Civ. P. 26(a)(2)(B)." Wreath v. United States, 161 F.R.D. 448, 449 D. Kan. 1995).

Similarly, in Matsuura v. E.I. du Pont de Nemours & Co., 2007 U.S. Dist. LEXIS 7891, at *16 (D. Haw. Feb. 2, 2007), the court was presented with fourteen "percipient expert witnesses" who were experts in the fields of law or science, but they were "involved in the underlying litigation or were eyewitnesses to certain scientific studies" related to the case, rather than being retained for the purpose of giving expert testimony at trial. The court analogized their positions to those of treating physicians who use their expertise in medicine to treat and diagnose patients, and who are allowed to testify at trial without giving expert reports. Id. The witnesses were permitted to testify about their observations based on personal knowledge, but they could not give opinion testimony based on information they acquired from other sources. Id. at *17.

Judge William Hayes weighed in on this issue in <u>350 W.A. LLC v. Chubb Group of Ins.</u>, 2007 U.S. Dist. LEXIS 89881, at *40 (S.D. Cal. Dec. 5, 2007). In that case, the defendant identified eighteen percipient experts it intended to call to testify at trial, but who did not provide expert reports. The court found that the experts were properly identified and reports were not necessary because they were retained "months or years before the litigation in this case began for the purposes of investigating Plaintiff's original insurance claim." <u>Id.</u> at *36-37. Because the experts were employed by the defendant to determine the merit of the plaintiff's insurance claims, and not for the purpose of testifying at trial, they were not "retained experts" from who expert reports and disclosures were required. <u>Id.</u> at *37-41.

Whether an expert report is required for each of Vaxiion's nine "non-retained experts" requires individual evaluations. The Court must look at the circumstances of each witness and the substance of the testimony, not merely formulaic titles. <u>See</u> <u>Gomez v. Rivera Rodriquez</u>, 344 F.3d at 113. ("[T]he triggering mechanism for application of Rule 26's expert witness requirements is not the status of the witness, but, rather, the essence of the proffered testimony."). Proposed testimony from a percipient witness, who happens to have scientific, technical, or other specialized knowledge, differs from the testimony of retained experts who have been hired to provide expert opinions based on information provided to them by trial counsel. <u>See</u> <u>Sullivan</u>, 175 F.R.D. at 501. Whether the witness has been "retained" is not the dividing line for deciding from whom a report is required.

If the proposed testimony of a non-retained expert witness identified pursuant to Rule 26(a)(2)(A) will exceed the scope of the individual's percipient knowledge and ventures into more general expert testimony, a report will be required. See, e.g., Zarecki, 914 F. Supp. at 1573 (excluding part of treating physician's testimony that went beyond his personal observations and into his opinions on causation and foreseeability not derived solely from his treatment of plaintiff); Wreath v. United States, 161 F.R.D. at 450 (stating that when a physician testifies "only to the care and treatment of his/her patient, the physician is not to be considered a specially retained expert, notwithstanding that the physician may give testimony pursuant to Rules of Evidence 702, 703, and 705[]"). If the witnesses only provide testimony related to the actions they took and things they directly learned, they are not considered specially-retained experts who are required to provide reports. See Wreath, 161 F.R.D. at 450.

The Court's Case Management Order for this case provides, in part, as follows:

> The parties must identify any person who may be used to present evidence pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence. <u>This requirement is not limited to retained experts.</u> The designations shall comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure and be accompanied by a written report prepared and signed by each witness, including in-house or other witnesses providing expert testimony.

(Case Management Order 2 (emphasis added).) By its provisions, the reporting requirement is not limited to specially retained or in-house experts, as Plaintiff suggests. (Ex Parte App. 3.) Vaxiion asserts that the Court's Case Management Order does not provide it

with sufficient guidance to determine whether a witness is an "in-house expert" for whom a report should be prepared. (<u>Id.</u>)

Regardless of the label attached to the witness, if Plaintiff desires to elicit expert testimony from its nine non-retained experts that goes beyond their personal knowledge or beyond the time period of their personal involvement, expert reports will be required. "If the witness's opinion strays beyond the boundaries described, the court will have the power to exclude it." <u>Garcia v. City of Springfield Police Dep't</u>, 230 F.R.D. 247, 250 (D. Mass. 2005); <u>see also</u> <u>Elgas v. Colorado Belle Corp.</u>, 179 F.R.D. 296, 299 (D. Nev. 1998) (citing <u>Sullivan</u>, 175 F.R.D. at 503) (stating that if a party tries to introduce expert testimony that was not properly disclosed under Rule 26(a)(2)(B), the proper remedy would be exclusion of the evidence under Rules 37(a)(3) and 37(c)(1)).

Vaxiion has not provided the Court with sufficient facts to enable it to determine whether the Plaintiff intends to elicit no more than "percipient-witness" testimony from the nine individuals who may have specialized knowledge or whether Plaintiff will attempt to obtain their opinions based on (1) information subsequently provided by others, (2) events to which the witness was not a participant, or (3) other variables which demand pretrial disclosure in the form of expert-witness reports. Accordingly, the Court will neither grant the Plaintiff's request for an order that it be excused from the requirement to provide expert reports for non-retained "experts" nor grant the Defendant's request that the Court strike the nine non-retained witnesses from Vaxiion's expert designations.

1   In light of the guidelines set forth, if Plaintiff determines that expert reports should be submitted for the nine non-retained witnesses, they must be served on or before July 24, 2008. If any submitted report creates a need for a rebuttal report, it or they may be submitted on or before August 14, 2008. Plaintiff and Defendant are granted leave to depose any expert witness for whom an expert report has been submitted pursuant to this order. The depositions shall be completed on or before August 29, 2008.

IT IS SO ORDERED.

July 2, 2008

Ruben B. Brooks
United States Magistrate Judge