1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAXIION THERAPEUTICS, INC., | CASE NO. 07cv00280-IEG (RBB) |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORTS OF LOUIS S. BERNEMAN AND MICHAEL J. LASINSKI AND REQUEST FOR SANCTIONS [Doc. No. 164]** |
| vs. | |
| FOLEY & LARDNER LLP and DOES 1 through 20, inclusive, | |
| Defendants. | |

Defendant Foley and Lardner ("Foley") moves the Court to strike the supplemental reports of plaintiff Vaxiion Therapeutics' ("Vaxiion") experts Louis S. Berneman and Michael J. Lasinski. Defendant additionally requests the Court impose sanctions upon plaintiff sufficient to pay Foley's costs in bringing the instant motion.

Defendant's motion does not indicate the part of the record from which it desires the Court to strike the expert reports; instead it appears defendant is using the motion to strike as a vehicle to generally preclude plaintiff from using the reports. Defendant's motion is based on grounds that the contested expert reports rely on a term sheet that arose from confidential settlement discussions and whose use was prohibited by protective order. Foley additionally argues the reports are untimely under the established case management schedule, and the experts' use of the term sheet is precluded by Fed. R. Evid. 408.

Fed. R. Civ. P. 26(a) (2008) sets out the requirements for disclosure of expert testimony during the discovery process, and Fed. R. Civ. P. 37 (2008) sets out the consequences for failure to provide

1  proper and timely disclosures.  Notwithstanding these provisions, a generalized motion to strike is

2  not appropriate here.  Although Foley cites no procedural authority for its motion, Foley presumably

3  brings the motion under Fed. R. Civ. P. 12(f).  Rule 12(f) provides that "[t]he court may strike from

4  a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

5   Fed. R. Civ. P. 12(f) (2008).  Fed. R. Civ. P. 7(a) enumerates what is considered a "pleading" in a

6  lawsuit: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated

7  as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a

8  third-party complaint; and (7) if the court orders one, a reply to an answer."  Fed. R. Civ. P. 7(a)

9  (2008).  Thus, by the plain text of the federal rules, defendant may not bring a motion under Rule 12(f)

10  because the instant motion is not related to a pleading.

11       Moreover, the Ninth Circuit has adopted a strict reading of the applicability of a Rule 12(f)

12  motion.   In <u>Sidney-Vinstein v. A.H. Robins Co.</u>, 697 F.2d 880 (9th Cir. 1983), the appellant

13  challenged a trial court's striking of its motion to reconsider the Court's order granting summary

14  judgment.   The court held striking the motion was improper, in part because "only pleadings are

15  subject to motions to strike."  <u>Sidney-Vinstein</u>, 697 F.2d at 885.  Despite Rule 12(f)'s limited

16  applicability, courts do have discretion to strike inadmissible evidence filed in support of a summary

17  judgment motion.  <u>Bliesner v. Commun. Workers of Am.</u>, 464 F.3d 910, 915 (9th Cir. 2006) (holding

18  a district court did not abuse its discretion when it struck part of an affidavit supporting a motion for

19  summary judgment).  Foley does not indicate in its motion that either report is related to any pleading

20  or motion presently pending before the Court.  Accordingly,  the Court DENIES defendant's motion

21  to strike and request for sanctions.

22

23  **IT IS SO ORDERED.**

24

25  **DATED:  December 11, 2008**

26                                                        _Irma E. Gonzalez_
                                                          **IRMA E. GONZALEZ, Chief Judge**
27                                                        **United States District Court**

28